## Arabell S. Hopkins, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 17,390.

1. EVIDENCE—*written report of doctor.* In a personal injury action a report made by an ambulance doctor on the night of the accident is properly excluded where the doctor is called as a witness.

2. INSTRUCTIONS—*number of witnesses alone does not determine preponderance of evidence.* In a personal injury action an instruction that the preponderance of evidence is not alone determined by the number of witnesses and that the number should be considered in connection with their opportunities of seeing and knowing the things about which they testify, their conduct and demeanor, their interest or lack of interest and the probability or improbability of the truth of their statements, is not erroneous.

3. DAMAGES—*loss of business as a result of personal injury.* Where plaintiff, a dressmaker, is injured in getting off defendant's street car, an instruction that plaintiff cannot recover on account of loss of business or earnings in and revenues from business is properly refused.

4. DAMAGES—*effect of injury upon plaintiff's ability to attend to business.* Where plaintiff, a dressmaker, is injured in getting off defendant's street car, an instruction that in assessing damages the jury has a right to consider the effect of the injury upon plaintiff's ability to attend to her business is sustained.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed April 21, 1913.

S. S. PAGE and C. LeROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant railway company from a judgment for $8,000 recovered by the plaintiff for personal injuries. Plaintiff was a passenger on an open electric street car of defendant running east in 43rd street, and fell from the car while alighting from it on the west side of Cottage Grove avenue, where she intended to leave the car. The negligence alleged is that defendant, after it had stopped the car, and knew that plaintiff was in the act of alighting from it, wrongfully and negligently started the car forward without warning to the plaintiff, whereby she was thrown from the car and injured.

The contention of defendant was that the car was stopped at the usual and proper place on the west side of Cottage Grove avenue, with the front end of the car on the west line of the west cross-walk and was not again started forward before the accident; that before the car stopped the plaintiff attempted to leave the car and that her fall was caused wholly by her alighting from the moving car before it had stopped. The question whether the defendant was guilty of negligence turns on the question whether the car was stopped and then started while defendant was in the act of alighting from it, or had not stopped, but was

moving when plaintiff attempted to alight from it. The accident happened about midnight and it was dark where it occurred. The plaintiff sat on the south end of a seat which ran across the car. To her left were two ladies with whom she had spent the evening, and the three intended to leave the car at Cottage Grove avenue. The witnesses who testified that the car stopped at Cottage Grove avenue and then started forward as the plaintiff was alighting from it, were the plaintiff, Mrs. Wilson, and Mrs. Komorowski, who sat on the seat with plaintiff and testified that they stood up when she did; Horn, who testified that he was on the corner waiting to take the car from which plaintiff fell, and Hiland, who testified that he sat in the car behind the plaintiff facing east. The contention of the defendant was supported by the testimony of seven witnesses, each of whom testified that he saw what occurred, and by the testimony of Dr. Rastall, an ambulance doctor, who stated that on the night of the occurrence plaintiff told him that her fall was caused by her stepping off a moving car before it came to a stop. We cannot say that on the evidence in the record the jury might not properly find the defendant guilty of the negligence alleged in the declaration.

We do not think that the court erred in excluding Dr. Rastall's report of the accident, made the night it occurred. Dr. Rastall was called as a witness by defendant, but there was no charge made by plaintiff's counsel nor evidence given for the plaintiff to show that his account of the transaction was a fabrication of recent date.

It is insisted that it was error to give for the plaintiff this instruction:

"29. The preponderance of evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts. In determining on which side the preponderance of evidence is, the jury should take into consideration the number of witnesses testifying to a particular fact or state of facts; and they should also take into consideration, so

far as shown by the evidence, the opportunities of the several witnesses for seeing or knowing the things about which they testify; their conduct and demeanor while testifying, their interest or lack of interest, if any, in the result of the suit; the probability or improbability of the truth of their several statements, in view of all the evidence, facts and circumstances proved on the trial; and from all these facts and circumstances, and a full consideration of all the evidence, determine upon which side is the greater weight or preponderance of the evidence.''

We see no substantial objection to this instruction.

It is further insisted that the rulings on instructions as to damages were erroneous. The court refused to instruct the jury for the defendant that plaintiff could not recover on account of loss of business or earnings in and revenues from business, but did instruct, at the request of plaintiff, that in assessing the damages the jury had a right to consider the effect of the injury upon plaintiff's ability to attend to her business. At the time of her injury plaintiff was a dressmaker, had a down town shop, employed from three to twenty people and superintended their work. Her principal injury was an impacted fracture of the neck of the femur. She was in bed in a hospital for three months, and there was no bony, but only a fibrous union. She is unable to walk without a crutch and probably will be compelled to use one all her life. She testified that after her injury she employed few people because she could not do anything herself. That at the time of the trial she was not carrying on her dressmaking business. It was proper for the jury in assessing plaintiff's damages to take into consideration the effect of her injuries on her ability to pursue her ordinary trade or calling. The instructions given did not authorize the jury to consider the effect of her injuries on her business or on the profits of her business.

We think that the record is free from reversible error, and the judgment of the Superior Court is affirmed.                    *Judgment affirmed.*